# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **RICHARD EVOLLOUS,** | ) | |
| | ) | |
| Petitioner, | ) | Case No. 7:17CV00565 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **COMMONWEALTH OF VIRGINIA,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Respondent. | ) | |
| | ) | |

*Richard Evollous, Pro Se Petitioner.*

Richard Evollous, a Virginia inmate proceeding pro se, has filed a Petition for a Writ of Habeas Corpus, challenging the validity of his confinement under an order of the Pittsylvania County Circuit Court. Upon review of his submissions, I conclude that the petition must be summarily dismissed without prejudice for failure to exhaust available state court remedies.

State court records online indicate that Evollous pleaded guilty in October 2017 in the Pittsylvania County Circuit Court to one count of strangulation and was sentenced by that court on January 16, 2018, to four years in prison, with all but ten months of the sentence suspended. He has not filed a direct appeal of that conviction and sentence to the Court of Appeals of Virginia and has no pending habeas corpus petition in the circuit court or in the Supreme Court of Virginia.

The United States District Court for the Eastern District of Virginia received Evollous's petition in mid-December 2017, and construed and docketed it as a habeas petition under 28 U.S.C. § 2254. The petition was then transferred to this court, because Pittsylvania County is located within the Western District. The petition was received and docketed in this court on December 20, 2017, before Evollous was sentenced in the state court. The heading on Evollous's petition, is Pittsylvania County Circuit Court. The pleading indicates that Evollous has filed no previous habeas corpus petition. It appears to assert a speedy trial claim and a claim of ineffective assistance by trial counsel, but states no factual support for any of these claims.

Under 28 U.S.C. § 2254(b), a federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted. Ultimately, exhaustion requires the petitioner to present his claims to the highest state court with jurisdiction to consider them and receive a ruling. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). If a § 2254 petitioner still has available state court proceedings where he can litigate his habeas claims in the state courts, a federal court should dismiss his § 2254 petition without prejudice to allow him to exhaust those state court remedies. *See Slayton v. Smith*, 404 U.S. 53, 54 (1971).

Evollous indicates that he has not filed any prior habeas corpus proceedings in the state courts. Indeed, from the heading on the petition, he may have intended the present petition for the state court and accidently mailed it to the federal court instead. If he pursues a habeas petition in the circuit court and relief is denied by that court, Evollous may then file a habeas appeal to the Supreme Court of Virginia. *See* Va. Code Ann. §§ 8.01-654(A)(1), 17.1-406(B). Because these state court remedies remain available to Evollous,[1] he has not yet fulfilled the exhaustion requirement in § 2254(b). For this reason, I must dismiss his § 2254 petition without prejudice to allow him to exhaust state court remedies.[2]

A separate Final Order will be entered herewith.

DATED: February 5, 2018

/s/ James P. Jones
United States District Judge

---

[1] Evollous may also be eligible to pursue a direct appeal from the circuit court's judgment to the Court of Appeals of Virginia as to his speedy trial claim. *See* Virginia Code § 8.01-675.3 (providing criminal defendant 30 days from date of judgment to file notice of appeal).

[2] Also included with Evollous's petition is a pleading titled "Motion for Relief from a Order or Judgment" under Fed. R. Civ. P. 60(b) purportedly addressed to "the Circuit Court for the Town of Chatham," and a cover letter and habeas petition addressed to that same alleged court. From his submissions, I find Evollous's litigation intentions to be unclear, but I am satisfied that he has not exhausted available state court remedies as to any possible habeas corpus claim that he may have.